

```
┌─────────────────────────────┐
│          FILED              │
│   ┌──────────────────┐      │
│   │   Oct 22 2013    │      │
│   └──────────────────┘      │
│   CLERK, U.S. DISTRICT COURT │
│ SOUTHERN DISTRICT OF CALIFORNIA │
│ BY        s/ mkec       DEPUTY │
└─────────────────────────────┘
```

s/ Mike Cruz    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

THEODORE SWAIN,

               Petitioner,

v.

JAMES BEARD, Secretary, et al.,

               Respondents.

Civil No.   13cv1849-WQH (RBB)

**ORDER:**

**(1)  GRANTING MOTION TO WITHDRAW NOTICE OF APPEAL;**

**(2)  DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND; and,**

**(3)  DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On August 8, 2013, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. On August 22, 2013, the Court granted Petitioner's in forma pauperis application and dismissed the Petition because Petitioner challenged only the imposition of a restitution fine, and had therefore failed to invoke this Court's habeas jurisdiction. Petitioner was instructed that in order to proceed with this action he was required to file a First Amended Petition on or before October 11, 2013.

On September 10, 2013, Petitioner filed a Notice of Appeal of this Court's August 8, 2013, Order. On October 5, 2013, Petitioner constructively filed a First Amended Petition and

1    a Motion to withdraw the Notice of Appeal. The Court **GRANTS** Petitioner's Motion to
2    withdraw his notice of appeal, which was in any case ineffective because it was premature as a
3    final judgement had not been entered. See Serine v. Peterson, 989 F.3d 371, 372-73 (9th Cir.
4    1993) (holding that premature notice of appeal was not cured by subsequent entry of final
5    judgment).

6          The First Amended Petition incorporates the original Petition and is not complete in and
7    of itself without reference to the superseded pleading, and is therefore subject to dismissal. See
8    S. D. CAL. CIVLR 15.1. Furthermore, rather than curing the defects of pleading identified in the
9    Court's previous Order of dismissal, the First Amended Petition merely contains argument that
10   this Court was incorrect in dismissing the original Petition for lack of jurisdiction on the basis
11   that the original Petition challenged only a restitution hearing. (FAP at 2-5.) This Court is
12   bound by Ninth Circuit authority, which was cited in the Court's previous Order of dismissal,
13   and which provides that the Court lacks jurisdiction over this action. See Bailey v. Hill, 599
14   F.3d 976, 982 (9th Cir. 2010) ("§ 2254 does not confer jurisdiction over a state prisoner's in-
15   custody challenge to a restitution order imposed as part of a criminal sentence.")

16         In the instant case, Petitioner is challenging a May 14, 2013, restitution hearing arising
17   from his March 4, 2008, conviction in San Diego County Superior Court case number
18   SCD199072. Petitioner is currently challenging that same conviction in a habeas action pending
19   in this Court in Civil Case No. 11cv1086-H (PCL). But for the fact that the Court lacks
20   jurisdiction over the instant Petition, and but for the fact that it would appear to be futile for
21   Petitioner to seek leave in Civil Case No. 11cv1086-H (PCL) to present the restitution claim
22   presented here, the Court would have instructed the Clerk of Court to file the original Petition
23   in this case as a motion to amend the petition in Civil Case No. 11cv1086-H (PCL). See Woods
24   v. Carey, 525 F.3d 886 (9th Cir. 2008) (stating that a new pro se petition challenging the same
25   conviction as a pending petition, which is filed before the first petition is adjudicated, should be
26   liberally construed as an attempt to amend the pending petition rather than summarily dismissed
27   as second or successive).

28   / / /

1      Because it is now clear that Petitioner does not wish to cure the defect of pleading

2 identified in the Court's previous Order of dismissal, but seeks to challenge binding Ninth

3 Circuit authority which provides that this Court lacks jurisdiction to entertain a challenge to his

4 restitution hearing, and because Petitioner currently has pending in this Court a habeas action

5 challenging the conviction underlying the restitution order he challenges in this case, the Court

6 **DISMISSES** this action without further leave to amend. The dismissal is without prejudice to

7 Petitioner attempting to seek leave to present his restitution claim in Civil Case No. 11cv1086-H

8 (PCL), although such an attempt appears futile.

9 **CONCLUSION AND ORDER**

10      The Court **GRANTS** Petitioner's Motion to Withdraw his premature Notice of Appeal,

11 and **DISMISSES** this action without prejudice and without further leave to amend. The Court

12 **DECLINES** to issue a Certificate of Appealability and **DIRECTS** the Clerk of Court to enter

13 final judgment accordingly. If Petitioner wishes to appeal the dismissal of this action he must

14 timely file a new Notice of Appeal.

15     **IT IS SO ORDERED.**

16 DATED: _____10/22/13_____ _____

17                              William Q. Hayes
                          United States District Judge

18 Copies to: ALL PARTIES

19

20

21

22

23

24

25

26

27

28